# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADELL HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1032−NJR |
| | ) |
| JOHN BALDWIN, | ) |
| CRAIG FINLEY, | ) |
| KAREN JAIMET, | ) |
| D. WAYNE DUNN, | ) |
| WILLIAM NORTON, and | ) |
| VONETTA HARRIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Adell Henderson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests declarative relief, damages, fees, and costs for unconstitutional false imprisonment.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

## **The Complaint**

In approximately 1958, Plaintiff received a prison term in Illinois of five years to life imprisonment. (Doc. 1, p. 2, 4). After serving "2 1/3" of the sentence, Plaintiff was paroled, and ended up in Arizona in 1971. *Id*. Plaintiff was out on parole from 1971 until 1975, at which time it appears that he caught another charge. (Doc. 1, pp. 2-3). Plaintiff received a term of 90 to 95 years in the Arizona Department of Corrections, but he was released in 2015 after serving 40 years. (Doc. 1, p. 3). Before Plaintiff could re-enter society, he was nabbed by two marshals, who arrested him at the request of the IDOC on April 7, 2015. *Id*.

Plaintiff entered Pinckneyville Correctional Center on May 20, 2015. *Id*. Plaintiff alleges that IDOC has no right to hold him, and that his detention is the result of racial prejudice. *Id*. He further alleges that his due process rights were violated because Illinois did not declare him a parole violator until February 24, 2016, after he was already in custody, and because his original sentence has now been changed from "5 to life" to "life without mittimus to support." *Id*.

Plaintiff alleges that the Illinois Prisoner Review Board ("PRB"), made up of Harris, Norton, and Dunn, and authorized by Finley at the direction of Baldwin, has improperly changed his original sentence without due process of law. (Doc. 1, pp. 4-5, 10). He further alleges that the PRB is improperly holding him without valid documentation of his original sentence and despite the fact that his sentence expired in 1976. (Doc. 1, p. 5). He also states that the PRB and Jaimet are deliberately indifferent to the risks posed by his incarceration at his advanced age and outside of the Arizona Department of Corrections, presumably a more familiar environment. (Doc. 1, pp. 5-6). Plaintiff's exhibits suggest that he would be released from IDOC custody if he found a proper host site. (Doc. 1, p. 18).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. As explained below, however, none of the claims survive threshold review.

- **Count 1** – Defendants have violated Plaintiff's Eighth and/or Fourteenth Amendment rights by sua sponte imposing a new, harsher sentence without due process, holding him pursuant to an invalid and previously-expired term of parole, and/or holding him without proper supporting documentation;

- **Count 2** – Defendants have subjected Plaintiff to false imprisonment;

- **Count 3** – Defendants are deliberately indifferent to Plaintiff's unconstitutional conditions of confinement in violation of the Eighth Amendment.

No matter how Plaintiff characterizes this action—as a claim under the Eighth and/or Fourteenth Amendments, and/or as a false imprisonment claim—it fails under *Heck v. Humphrey*. 512 U.S. 477 (1994). *Heck* prohibits a litigant from bringing a damages claim under Section 1983 that would necessarily invalidate a conviction or sentence, unless the conviction or sentence had been previously set aside in another proceeding. Courts have extended *Heck* to other claims regarding the

validity of legal process, such as a parole board hearing. *Brown v. Hackbarth*, 445 F. App'x 865, 867 (7th Cir. 2011). The test is whether the unlawfulness of plaintiff's confinement is an ingredient of the case. *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997).

The Seventh Circuit has specifically applied the *Heck* bar in circumstances reminiscent of Plaintiff's claims. *See Hadley v. Quinn*, 524 F. App'x 290, 293-94 (7th Cir. 2013) (*Heck* applied to complaint that parole board improperly revoked plaintiff's parole); *Brown*, 445 F. App'x at 867 (prisoner alleged parole board considered false information in his record in denying him parole); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (*Heck* barred consideration of plaintiff's claims that he was improperly extracted from another state on parole violation warrant); *Antonelli*, 104 F.3d at 900 (plaintiff arrested on allegedly invalid parole violator warrant and claimed documentation of warrant was inadequate).

Here, Plaintiff is alleging that his present confinement is invalid. Thus, he has put the lawfulness of his confinement front and center in this action. That triggers the *Heck* bar. The nature of Plaintiff's arguments—whether his initial term of parole in Illinois expired, or whether there is proper documentation of the 1958 sentence, or whether the PRB is biased against him—has no bearing on whether *Heck* applies, and because *Heck* clearly bars this action, the Court has no reason to consider them. Moreover, Plaintiff has alleged that he has brought habeas proceedings, but that they were dismissed. (Doc. 1, p. 5). *Heck* requires favorable termination. *Burd v. Sessler*, 702 F.3d 429, 432-35 (7th Cir. 2012). It is not clear which court Plaintiff requested habeas relief from; it is possible that a petition pursuant to 28 U.S.C. § 2254 remains available to him, and if so, that is the route he should take. Section 1983 is an inappropriate vehicle absent a finding that his confinement is invalid.

As to **Count 2**, Plaintiff's allegations regarding his false imprisonment are inconsistent. The tort of false imprisonment is detention without legal process. *Wallace v. Kato*, 549 U.S. 384, 390 (2007). After legal process has been given, to the extent that the detention remains unlawful, that

conduct sounds in another cause of action. *Id*. ("Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process.") (emphasis in original).

Plaintiff frequently uses the term "false imprisonment," but his allegations do not establish that he is being detained without legal process. On the contrary, the gist of Plaintiff's Complaint is that he is being held improperly pursuant to a 1958 conviction. The 1958 conviction serves as the applicable legal process. Plaintiff may argue that his continued detention is unlawful for all the reasons he has alluded to in the Complaint (the sentence has expired, it is no longer applicable to him, the PRB is racist, etc.), but he does not have a standalone claim distinguishable from Count 1. His allegations that he is being falsely imprisoned turn on the alleged impropriety of the legal process that he is being afforded, not the complete lack of legal process. Therefore, **Count 2** will be dismissed for failure to state a claim.

Finally, as to **Count 3**, the Eighth Amendment can be violated by conditions of confinement in prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results "in the denial of 'the minimal civilized measure of life's necessities,'" and (2) where prison officials are deliberately indifferent to this state of affairs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Prisons must have adequate ventilation, sanitation, bedding, and hygiene products. *Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987). Prison officials demonstrate deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn . . . and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has alleged that Defendants have violated his Eighth Amendment rights by incarcerating him at his advanced age and outside of Arizona. But neither of those conditions, alone

or in combination, establishes that Plaintiff is being deprived of the minimal measures of life's necessities. Prisoners have no entitlement to be placed in the prison of their choice. *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). The Court is also unaware of any case prohibiting inmates of a certain age from being incarcerated. As Plaintiff has not alleged that he is being deprived of life's necessities, he has failed to state an Eighth Amendment claim. Count 3 will be dismissed as legally frivolous.

Moreover, the Seventh Circuit said in *Hadley* that a suit contesting the invalidity of a parole revocation that had not been set aside was frivolous. *Hadley*, 524 F. App'x at 293-94. Accordingly, this suit is dismissed with prejudice as frivolous, and a strike is assessed pursuant to 28 U.S.C. 1915(g).

### Pending Motions

Because this action will be dismissed with prejudice, all of Plaintiff's pending motions (Docs. 3, 10, 11) are moot. Plaintiff is informed, however, that Defendants were not served in this action, making his motions for default and/or entry of a default judgment improper.

### Disposition

**IT IS HEREBY ORDERED** that this entire action is **DISMISSED with prejudice** as frivolous. Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g). All pending motions are **DENIED as moot.**

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir.

1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: July 19, 2018**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**